ORIGINAL

United States District Court
For the District of Texas
Northern Division

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 4 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| Cathie Adams, an individual; | Case No.: |
| Plaintiff, | 3-09CV-825-P |
| v. | |
| State of Texas; | COMPLAINT |
| Defendant. | |

Plaintiff, Cathie Adams, by and through the undersigned counsel, brings this Complaint against the above-named Defendant, for violating her and every non-Travis County Texas citizen's constitutionally protected equal protection rights by having the statewide Texas Public Integrity Unit run by the Travis County District Attorney, giving the Travis County District Attorney power over Texas citizens that could not participate in the election of the Travis County District Attorney, thereby disenfranchising all non-Travis County Texas citizens:

1. This is an action for declaratory and injunctive relief, together with reasonable attorneys' fees and such other relief as the Court may deem appropriate. This action is based upon the facial unconstitutionality of the Texas Public Integrity Unit which impermissibly infringes upon the Plaintiffs' equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 3 and Section 19 of the Texas Constitution.

## PARTIES

2. Plaintiff, Cathie Adams, is an individual who resides, and pays taxes, in Dallas County Texas.

3. The State of Texas is responsible for the laws of the State of Texas and as part of the United States is subject to United States laws and Constitution.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all claims in the Complaint, including claims arising under the United States Constitution and 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) and (a)(4), which confer original jurisdiction on United States District Courts in suits to redress the deprivation of rights, privileges and immunities, as stated herein.

5. Venue lies in the District pursuant to 28 U.S.C. § 1391(a). Plaintiff is located in this District. The Defendant is located in this District. The events giving rise to this action occurred in this District.

## STATEMENT OF FACTS

6. In the late 1970's the Travis County District attorney created the Public Integrity Unit (PIU) to enforce laws against various types of corruption.

7. The Public Integrity Unit, a unit with statewide jurisdiction, is run by the Travis County District Attorney, a position elected by only the citizens of Travis County.

8. Beginning in the early 1980's the State of Texas, through appropriation bills, has funded the PIU to investigate and prosecute motor fuel tax fraud cases; insurance fraud cases; offenses involving an elected or appointed official of state

government or an officer or an employee of an agency of the state; and offenses relating to state government. The current funding is found in the 2008-2009 Biennial Appropriations Bill D.1.4. No other district attorney received funds from the state to perform these activities.

9. The Texas Insurance Code, Title 2, Section 85.051(a)(1) provides for prosecution of Insurance cases to be done in Travis County, granting the Travis County District Attorney power to prosecute non-Travis County citizens.

10. The Texas Tax Code, Title 2, Section 162.407 provides for prosecution of motor fuel tax fraud cases to be done in Travis County, granting the Travis County District Attorney power to prosecute non-Travis County citizens.

11. The Plaintiff has a personal stake in this matter. The Plaintiff is subject to the investigation and prosecution by a district attorney that is not the district attorney of the county she resides in or the district attorney where most of her activities take place. The Plaintiff is potentially subject to investigation and prosecution by a district attorney elected in an election she could not vote in. The Travis County District Attorney has been granted investigation and prosecution authority over citizens that do not live in Travis County and over activities that do not take place in Travis County.

12. A citizen in any county in Texas outside of Travis County has no ability to change the makeup of the PIU that affects them.

13. The Texas Legislature has allowed Travis County residents votes to weigh more than those of any other Texas resident.

14. By granting the PIU statewide rights the State has disenfranchised the Plaintiff's vote. The Plaintiff, and every other non-Travis County resident, is subject to a statewide public official's authority for which election the Plaintiff cannot

participate in, while the citizens of Travis County are given what is nothing short of a super-vote to elect a person who only resides in Travis County, but who has statewide investigatory and prosecutorial power.

## COUNT I
### Violation of United States Constitution
### Fourteenth Amendment: Equal Protection
### (42 U.S.C. § 1983)

15. Paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

16. Whoever, by virtue of public position under a State government, denies or takes away the equal protection of the laws, violates the constitutional inhibition; and as he acts in the name and for the State, and is clothed with the State's power, his act is that of the State.

17. The Legislature, through the Appropriations Bill has granted the Travis County District Attorney state wide authority over every Texas resident, regardless if the complained of act occurred in Travis County or not, thus causing Travis County residents votes to weigh more than those of any other Texas resident.

18. Through these actions, the Texas Legislature has enacted discrimination by diluting the voting power and/or disenfranchisement of the voter by creating a special class characteristic of lesser Texas voters – residency outside of Travis County. Whether intended or not, the Texas Legislature has given Travis County residents a super vote, while discounting the votes of every non-Travis County

resident who has no say in who prosecutes cases that affect them.

19. The Texas Legislature, through the PIU has diluted the voting power of the Plaintiff and every other non-Travis County Texas resident therefore violating its equal protection of the laws, as secured by the Fourteenth Amendment to the United States Constitution, by granting statewide authority to a county public official.

## COUNT II
### Violation of Texas Constitution
### (Article 1, Section 3 and Section 19)

20. Paragraphs 1 through 19 are incorporated by reference as if fully set forth herein.

21. The Appropriations Bill portion providing money to the PIU violates the Plaintiff and every other non-Travis County Texas citizen of its equal protection of the laws, as secured by Article 1, Section 3 and Section 19 to the Texas Constitution, by granting statewide authority to a county public official.

22. The Texas Legislature, through the PIU has diluted the voting power of the Plaintiff and every other non-Travis County Texas resident, therefore violating Article 1, Section 3 and Section 19 of the Texas Constitution, by granting statewide authority to a county public official.

## REQUEST FOR RELIEF

23. A declaratory judgment that the funding found in the 2008-2009 Biennial Appropriations Bill D.1.4 is unconstitutional;

24. A declaratory judgment that the State of Texas cannot grant statewide investigatory and/or prosecutorial authority to elected officials that are not subject to a statewide election;

25. An order enjoining the State of Texas of providing funds to the PIU if it is run by a county district attorney;

26. An order requiring that Travis County return all funds it has received from the State of Texas to run the PIU to the State of Texas

27. Awarding costs and attorney fees pursuant to 42 U.S.C. § 1988; and

28. Awarding such other relief as this Court shall deem just and equitable.

Respectfully submitted this 4th day of May, 2009.

By: _____
Patrick Clerkin
Clerkin & Sinclair LLP
202 N. Allen Drive
Suite F
Allen, TX, 75013
Phone: 214-383-9088
Fax: 214-383-5890
Attorney for Plaintiff
Bar #24040702
pclerkin@clerkinlaw.com

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cathie Adams

**DEFENDANTS**
State of Texas

(b) County of Residence of First Listed Plaintiff: **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Clerkin & Sinclair, LLP, 202 N. Allen Dr, Allen, TX 75013

Attorneys (If Known)

RECEIVED
MAY - 4 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☒ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. SEC 1983
Brief description of cause:
the authority granted to the Texas Public Integrity Unit violates the fourteenth amendment equal

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 05/04/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____